UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |  | |
|---|---|---|---|
| JULIA NAUNHEIM-HIPPS and<br>JACK HIPPS, | ) <br> ) <br> ) | | |
| Plaintiff, | ) <br> ) | | |
| vs. | ) <br> ) | Case No. 4:05CV1365 HEA | |
| BECTON, DICKINSON AND<br>COMPANY, | ) <br> ) <br> ) <br> ) | | |
| Defendant. | ) | | |

# MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Compel Discovery, [Doc. # 28] and plaintiffs' Motion for Protective Order, [Doc. Number 25]. Defendant opposes the motions.

## Motion to Compel

In its response to the Motion to Compel, defendant advises the Court that notwithstanding plaintiffs' untimely objections, defendant has amended its responses by admitting plaintiffs' Requests for Admissions, has provided amended answers to Special Interrogatories Nos. 2, 3 and 5, and has produced documents responsive to Requests for Production 5, 7 and 9. The motion as it relates to these items of discovery is denied as moot.

With respect to the remaining discovery requests, defendant incorporated its previous objections. Plaintiffs claim to have submitted the objections as Exhibits 1, 2, 3, and 4, however, the Court file contains only three pages labeled "PL. EX 4." The Court therefore cannot be certain that the rulings herein encompass all of defendant's objections. Nevertheless, the Court makes the following rulings regarding the requests and objections:

Request for Production 1, 2 and 3: Becton-Dickinson documents and studies involving the risk of needle sticks in the use of the reusable blood tube holder versus the risk of the vacutainer one use needle holder and the pre-attached holder with luer adapter. Defendant apparently objects based on the grounds of confidential/proprietary interests and attorney client privilege and work product. These objections are overruled without further support. Defendant may seek a protective order and/or an *in camera* inspection prior to disclosure if it so desires.

Request for Production Numbers 4 and 6: request information on sales of the reusable and one-use holder to plaintiff's employer. Defendant is ordered to produce said documents.

Request for Production Number 8: defendant's objection to the request is overruled and is ordered to produce the instructions for disposal of the blood collection needle.

Interrogatories Numbers 1 and 4. The objection to the production of whether safer products were made available to Barnes-Jewish Hospital to purchase, the purchase price, the manufacturing cost and whether the product were sold to Barnes-Jewish Hospital on the grounds of confidential/proprietary interests is overruled. Defendant may seek a protective order prior to disclosure, if it desires.

Interrogatory Number 13: Regarding prior or subsequent complaints, claims, suits or notices you or any of your subsidiaries are aware of involving needle stick accidents with Becton Dickinson needles, state the following:

> a. Each person that brought such information to your knowledge, including the date thereof and the specific complaint relating thereto, further either list a verbatim statement of the complaint or attach a written document setting forth the complaint;
> b. All such suits by cause number, venue and disposition pertaining to such incidents;
> c. Each person that was injured;
> d. The number of such complaints;
> e. Designate which of the above needle sticks were from the back-end of a blood drawing/phlebotomy device;
> f. Designate which of the above needle sticks were from the back end of a multiple Sample Luer Adapter.

Defendant's objection on the ground that the interrogatory is vague, ambiguous and overly broad is overruled. Defendant's further objection that the request seeks irrelevant information is overruled.

## **Motion for Protective Order**

Plaintiffs seek a "protective order" from the Court to continue discovery because of defendant's failure to produce certain documents which plaintiffs contend are necessary in order for them to depose certain individuals. In essence, plaintiffs are, in reality, seeking a continuance of discovery. A protective order is not the appropriate remedy for what plaintiffs seek. While the Court is mindful that there were outstanding discovery requests relevant to the depositions, the Court also reminds plaintiffs that this is the second suit involving the same parties and the same issues. Plaintiff's scheduling of the depositions so close to the discovery cut off date should not serve as a reason for extending discovery. The Court has now entered its ruling regarding the discovery requests and the objections thereto. The Court also recognizes that plaintiffs may have been waiting for these rulings prior to deposing the individuals that were previously scheduled. As such, discovery will be extended briefly.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel, [Doc. Number 28] is granted, in part and denied in part. Defendant shall provide answers to discovery requests as provided herein within 10 days from the date of this Order.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Protective Order, [Doc. Number 25], is denied.

**IT IS FURTHER ORDERED** that the parties may continue to conduct deposition discovery up to and including September 30, 2006.

Dated this 6th day of September, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE